Dukeee, Senior Judge,
delivered the opinion of the court:
This is a companion case to United States v. The Absentee Shawnee Tribe of Oklahoma on Behalf of the Shawnee Nation, decided here this same day. As in the companion case, the Government here appeals from a portion of the order of the Indian Claims Commission allowing appellees’ counsel reimbursement from the award to appellees in its Docket No. 251-A for expenditures of $120.97 which were originally allotted to Docket No. 76, which docket was later dismissed. Appellant contends, as it did in the companion case, *66 sufra, that tlie attorneys’ expenses incurred in one docket or claim which was dismissed, cannot be then reimbursed from an award in another docket or claim, under the provisions of § 15 of the Indian Claims Commission Act, 25 U.S.C. § 70n.[1]
In the companion case, sufra, the Commission found that:
* * * Although certain items of expense attributable to the cases related to Docket No. 33A-B have not been identified as to the particular docket in which the expense was incurred, the expense in Docket No. 334-B was incurred as a part of the prosecution of the claims originally presented in Docket No. 834 and materially contributed to the successful conclusion of that docket and Docket No. SSf-B. * * * [Emphasis supplied] (26 Ind. Cl. Comm. at 332).
We there concluded that this finding by the Commission was supported by substantial evidence and not contrary to law, and that under the particular facts of that case, the general use of the word “claim” in this statute did not require that the recovery of expenses allotted to one claim be predicated upon a separate award under that claim.
In the present case, the Commission has found that:
Docket No. 76 was an accounting claim intended to develop information for use in dll of the dockets herein. It was dismissed upon a determination that the claims therein were covered in the other dockets, and that the defendant had accounted as fully as it was required to do. Under the circumstances, to hold that the attorneys’ expenses in Docket No. 76 can not be recovered because there was no monetary award in that docket, would thwart the intent of the plaintiffs as well as the implicit intent of section 15 of the Act, that all reasonable expenses of prosecution should be reimbursed. (26 Ind. Cl. Comm. at 309) [Emphasis supplied]
*67 This finding is supported by substantial evidence.
While the facts in this case are not identical with our companion case, they are sufficiently alike for us to conclude that our reasoning based upon the particular facts in our companion case applied equally to the particular facts in this case, as found by the Commission, since the expenses allotted under the dismissed claim in each case are equally related to, and incurred in connection with, other claims in the same case on which recovery was allowed.
In its argument in the present case, appellant has placed more emphasis than formerly upon its contention that the claim here is barred by res judicata, stare decisis, or equitable estoppel, because this same claim for expenses under Docket No. 76 was previously rejected by the Commission in a prior decision in Docket No. 67. The Commission, in the present case now under review, reversed this decision, stating, “We are now of the opinion that that decision entailed a too narrow interpretation of § 15 of the Act.” Other than the companion case now before us, we find no other decision by this court as to the allowance of reimbursement of attorneys'[1] expenses under facts or circumstances identical with or similar to the present or companion case, and contrary to our present conclusion. Under the law of the case as we presently consider it, the doctrines of res judicata, stare decisis, or equitable estoppel do not apply.
In its opinion now under review, the Commission did cite Pottawatomie Tribe of Indians v. United States, 4 Ind. Cl. Comm. 540 (1956), where the Commission held that:
Under the wording of the contract * * * and the provisions of Section 15 of the Indian Claims Commission Act, it appears that said attorneys are entitled to recover for all reasonable expense actually incurred by them in investigating, preparing and presenting all claims of said Pottawatomie Indians under the contract of employment of October 22,1947, and that such right of recovery is contingent upon the recovery of an award on behalf of said Indians against the United States but not upon a recovery for each claim which may have been honestly and conscientiously presented; and that in the determination and allowance of attorneys’ fees and remuneration of expenses incurred, this Commission may take into consideration the services rendered by said attorneys under said contract, and expenses legitimately incurred *68 by them in the proper, diligent and conscientious investigation, preparation and presentation of all claims of said claimant Indians. [Emphasis supplied] (4 Ind. Cl. Comm. at 543-44).
We do not adopt this language of the Commission as to the allowance of “expenses legitimately incurred * * * in the proper, diligent and conscientious investigation, preparation and presentation of all claims of said claimant Indians.” [Emphasis supplied.] We confine our construction of § 15 of the Act to the particular facts in this case, and in the companion case.
The order of the Commission “Allowing Eeimbursable Attorneys’ Expenses” is hereby affirmed.

Affirmed

 Section 15, 25 U.S.C. § 70n, provides as follows :
“* * * The fees of such attorney or attorneys for all services rendered in prosecuting the claAm in question, whether before the Commission or otherwise, sh,all, unless the amount of such fees is stipulated in the approved contract between the attorney or attorneys and the claimant, be fixed by the Commission at such amount as the Commission, in accordance with standards obtaining for prosecuting similar contingent claims in courts of law, finds to be adequate compensation for services rendered and results obtained, considering the contingent nature of the case, plus all reasonable expenses incurred in the prosecution of the claim; but the amount so fixed by the Commission, exclusive of reimbursements for actual expenses, shall not exceed 10 per centum of the amount recovered in any case. * * [Emphasis supplied]