Dureee, Senior Judge,
delivered the opinion of the court:
The Government here appeals through its counsel, the Department of Justice, from a portion of an order of the Indian Claims Commission allowing appellees’ counsel reimbursement from the award obtained for appellees in Docket 334 — B before the Commission for expenditures of approximately $1,680.00 which were allotted by counsel at the time they were *196 incurred to Docket 334 — A, which was later dismissed. Appellant contends that attorneys’ expenses of approximately $1,|680.00 incurred in Docket 334r-A cannot be reimbursed from the award in Docket 334r-B.
Pursuant to contracts with the Absentee Shawnee Tribe of Oklahoma and the Eastern Shawnee Tribe of Oklahoma, counsel prepared and filed with the Indian Claims Commission a petition seeking recovery from the United States on certain transactions involving the treaty of May 10, 1854 (10 Stat. 1053). This petition was designated by the Indian Claims Commission as Docket 334.
When Docket 334 was called for trial in September 1956, defendant was prepared to go forward only on a portion of the matters alleged in the petition (see Tr. 2-10, 249-251), namely, the issue of the unconscionability of the treaty. Defendant was not prepared to go forward on the issues involving the loss of the “Black Bob” lands nor the issue involving the “Absent[ee] Shawnee” lands. To accommodate defendant, the case was tried on the unconscionability issue only, and in order to allow adjudication on the part of the case which had already been tried, the Indian Claims Commission on December 21,1956, entered an order directing the separation of the matter already tried into one petition (designated as Docket 334 Amended), and the remaining matter into two other petitions, designated respectively as Docket 334-A (involving the “Black Bob” lands) and Docket 334-B (relating to the “Absent[ee] Shawnee” lands), both defined under the 1854 treaty.
On July 27, 1959, the Commission awarded a judgment in Docket 334 Amended in the amount of $1,075,603.68 (6 Ind. Cl. Comm. 377), which judgment was here affirmed with a modification raising the award $193,734.34.151 Ct. Cl. 700 (1960). The Government’s petition for certiorari was denied. 366 U.S. 924 (1961).
Thereafter, Dockets 334-A and 334r-B the remaining matters originally pleaded in Docket 334) were tried together before the Commission and were the subject of back-to-back decisions dismissing both claims for want of jurisdiction. Docket 334-A, 12 Ind. Cl. Comm. 161-179; Docket 334-B, 12 Ind. Cl. Comm. 180, 190 (March 22-29,1963). Both cases *197 were appealed together, argued together and were the subject of a common opinion (although with differing results) in this court. 165 Ct. Cl. 510 (April 17, 1964). In its opinion, this court affirmed the dismissal of the Black Bob petition, but reversed and remanded the case with respect to the Absentee Shawnee lands.
Upon remand, further intensive litigation and ultimate settlement resulted in a final award in Docket 334-B on May 19, 1971. 25 Ind. Cl. Comm. 311, 324. Thereafter, on September 1, 1971, applications for the award of attorneys’ fees and for the recovery of reimbursable expenses were made, and the Commission entered findings of fact and an order allowing, inter alia, reimbursement of substantially all of the expenses that had been requested.
Included in the reimbursable expenses of $5,490.81 sought and allowed in Docket 334-B were items totaling over $1,680.00 allotted by counsel to Docket '334-A between the time of the division of the original petition into Dockets No. 334 Amended, 334 — A and 334-B, and the decision of this court on April 17,1964. Some of these expenses were incurred by reason of the division itself, e.g., the printing of a new, separate petition in Docket 334-A. Most were simply a bookkeeping division of a single item which in any event would have been incurred for each docket separately had they not been tried and appealed together (e.y., travel to Washington to argue before this court in the single argument which related to both dockets). All expenses were allocated to a separate docket because of the creation of separate dockets by the Commission’s order of December 21,1956.
It is from the allowance of the expenses allotted at the time they were incurred by counsel to Docket 334-A that the Government appeals, alleging that expenses in Docket 334-A relate to a claim or docket different from Docket 334-B, the one in which the final award was made, and that expenses incurred in one docket or claim may not be reimbursed from the award in a different docket or claim.
The pertinent provisions of section 15 of the Indian Claims Commission Act, 25 U.S.C. 70n, are:
* * * The fees of such attorney or attorneys for all services rendered m prosecuting the claim, in question, *198 whether before the Commission or otherwise, shall, unless the amount of such fees is stipulated in the approved contract between the attorney or attorneys and the claimant, be fixed by the Commission at such amount as the Commission, in accordance with standards obtaining for prosecuting similar contingent claims in courts of law, finds to be adequate compensation for services rendered and results obtained, considering the contingent nature of the case, phis all reasonable expenses incurred m the prosecution of the claim; but the amount so fixed by the Commission, exclusive of reimbursements for actual expenses, shall not exceed 10 percentum of the amount recovered in any case. * * * [Emphasis supplied.]
The right of the Commission to consider the application of counsel for reimbursement of expenses has not been challenged in this case and we have jurisdiction to review this action of the Commission. Red Lake and Pembina Bands v. United States, 173 Ct. Cl. 928, 934, 355 F. 2d 936, 939 (1965).
As found by the Commission (26 Ind. Cl. Comm. at 330), the attorneys’ contract involved provided that recovery for services would be wholly contingent upon recovery and further provided that the attorneys were entitled to expenses incurred in the prosecution of the claims. However, an amendment to the pertinent contract, approved September 3, 1958, provided that the reimbursement of expenses incurred by the attorneys should be determined by the Indian Claims Commission as provided in section 15.
This case presents the clear cut question as to whether the Commission in awarding expenses properly construed and applied section 15, and more particularly as to allowance of “all reasonable expenses incurred in the prosecution of the claimP [Emphasis supplied.]
The purpose of the statute is to provide a method for Indian tribes without funds to hire lawyers on a contingent fee basis by contract or by order of the Indian Claims Commission, “plus all reasonable expenses incurred in the prosecution of the claim.” The Interior Department has stated an added requirement, “the attorney must advance all costs and expenses of the litigation in the first instance, and is not reimbursable therefor unless a recovery is hadS This require *199 ment would be champertous and illegal were it not for a well-recognized exception that the laws of champerty do not apply to agreements for the prosecution of claims before a Governmental body against the Government. Cherokee Nation v. United States, 174 Ct. Cl. 131, 355 F. 2d 945 (1966); Wardman v. Leopold, 85 F. 2d 277 (1936). The exception to the laws of champerty is grounded generally in the public policy recognizing the length of time required to recover in such proceedings, and specifically as to Indian tribes in the policy of providing legal assistance and expense of litigation to tribes without funds.
In Tcherepnin v. Knight, 389 U.S. 332, 336 (1967), the Supreme Court affirmed the maxim that “remedial legislation should be construed broadly to effectuate its purpose.” [Emphasis supplied.] Accordingly, we should also adopt a broad construction of the meaning of “claim” in this remedial statute, and not the strict construction argued by appellant that each of the three dockets involved in this case is a separate “claim” requiring separate decisions as to reimbursable expenses.
In Cherokee Nation v. United States, 174 Ct. Cl. 131, 148, 355 F. 2d 954-55, we said:
While the Commission may be correct in stating that it cannot grant additional fees or expenses in Docket 173 for services rendered in other claims of the tribe which may have been prosecuted by their attorneys, the Commission should have considered the work of the attorneys in these other two cases to which we have referred in determining the fee in this case. Certainly, the efforts of counsel there inured to the benefit of the tribe in the successful decision in the present case * * *. [Emphasis supplied.]
In its “Findings of Fact on Allowance of Attorneys’ Fee and Reimbursable Expenses” in Docket 334-B, the Commission has specifically found that:
* * * Although certain items of expense attributable to the cases related to Docket No. 334-B have not been identified as to the particular docket in which the expense was incurred, the expense in Docket No. '334-A was incurred as a part of the prosecution of the claims originally presented in Docket No. 334 and materially *200 contributed to the successful conclusion of that docket amd Docket No. S3Ip-B. * * * [Emphasis supplied.] (26 Ind. Cl. Comm. at 332)
Appellant has taken no specific exception to this finding. Appellant has neither designated this determination or part thereof, nor set forth a concise statement of this point, as required by our Rule 171 (b), in either its notice of appeal or its brief. There is nothing alleged to establish that the finding is not supported by substantial evidence. Certainly, no one was in a better position to know whether the expense incurred in No. 334-A “was incurred as a part of the prosecution of the claims originally presented in Docket No. 334-A and materially contributed to the successful conclusion of that docket and Docket No. SS^-B,” than was the Commission itself, and its finding was supported by substantial evidence and not contrary to law. [Emphasis supplied.]
Public policy is involved in the interests of unfunded Indian tribes whose attorneys have bona fide claims for reimbursable expenses incurred in tribal litigation, and which the tribes are willing to pay. This remedial purpose of section 15 cannot be served by narrowly or strictly construing the general use of the word “claim” in the statute to require that the recovery of expenses separately allotted to different claims must be predicated upon a separate award on each claim presented under the particular facts of this case as herein recited.
The order of the Commission “Allowing Attorneys’ Fees and Reimbursable Expenses” is affirmed.

Affirmed