Indian claims; attorney expenses. — On July 25, 1980 the court entered the following order:
Before Nichols, Judge, Presiding, Kashiwa and Smith, Judges.
This case comes before the court on plaintiffs’ request for review of recommendation of the trial judge, which recommendation would deny the request of plaintiffs’ attorney for an order establishing his entitlement to $8,011.10 in expenses reasonably incurred by the attorneys who have represented these plaintiffs in docket No. 120. This court, by its order dated October 12, 1979, upheld the dismissal by the Indian Claims Commission of all claims that plaintiffs asserted in docket No. 120. As a result, no award exists as a consequence of the prosecution of docket No. 120, and therefore attorneys for plaintiffs have no fund from which to be reimbursed the $8,011.10 in expenses expended in the pursuit of that docket. Plaintiffs’ attorney points to the award that the Wyandot Tribe received from docket No. 141 as a potential source of funds from which to satisfy his claim. Yet under the terms of the attorneys’ contract with the Wyandot Tribe, reimbursement of plaintiffs’ attorneys’ expenses is contingent upon recovery. This court has held that the expenses incurred in the unsuccessful prosecution of a claim under the Indian Claims Commission Act, 25 U.S.C. § 70n, may be paid to an attorney whose efforts materially contributed to the granting of an award in *774 another claim. Under such circumstances, the attorney’s expenses may be paid out of that award. United States v. Miami Tribe of Oklahoma, 200 Ct. Cl. 64 (1972); United States v. Absentee Shawnee Tribe of Oklahoma, 200 Ct. Cl. 194 (1972). The trial judge who presided over docket No. 141, however, concluded that the expenses incurred in the unsuccessful prosecution of docket No. 120 could not be found to have materially contributed to the award obtained in docket No. 141. We find no reason to alter that conclusion of the trial judge.
it is therefore ordered that plaintiffs’ request, filed on May 20,1980, is denied, and
it is further ordered that the reimbursement of expenses incurred in docket No. 120 shall not be satisfied out of the award received by plaintiffs in docket No. 141, and the supplemental motion, filed by plaintiffs’ attorney on January 30,1980, is dismissed.